December.

Tolson's Lessee *vs.* Lanham.

A grant of land is to be construed most favorably for the grantee.

Land included in a grant, but excluded from the certificate of survey on which the grant issued, cannot be taken up as vacant land.

A grant of land cannot be corrected or controled by the certificate of survey, but will pass the land comprehended within the courses and distances expressed in the grant.

If a grant is for more land than is contained in the certificate of survey, it may be vacated in the court of chancery; and if it is for less land, the grantee's remedy, if any, is in equity.

Appeal from the General Court. *Ejectment* brought by the appellant for a tract of land called *Tolson's Enlarge-*

ing been entered *agreed* at May term 1783. See also 3 *Atk.* 193. *Mod.* 422. *Cro. Eliz.* 525. *Pollexf.* 645. 2 *Stra.* 1175. 3 *Atk.* 390, 408. 1 *Wils.* 140. 2 *Ves.* 249. 3 *T. R.* 470. 2 *Atk.* 646, 1 *P. Wms.* 432. 1 *Ves.* 217.

*ment*, lying in *Prince-George's* county. The following case was stated for the opinion of the court. A tract of land called *Hunter's Folly*, was surveyed on the 29th of November 1706, for *William Hunter*, as by the certificate thereof exhibited, and by which it was described as "beginning at a bounded Spanish oak, and running S. 75° E. 84 ps. N. W. 159 ps. then N. 74° E. 160 ps. then N. W. 280 ps. to a black oak bounded, then S. 21° W. 185 ps. then with a straight line to the first boundary, containing and laid out for 334 acres of land more or less." A patent issued on this certificate the 10th of June 1708, for the tract called *Hunter's Folly*, describing it as "beginning at a bounded Spanish oak, and running S. 75° E. 84 ps. then N. 25° E. 84 ps. then N. W. 159 ps. then N. 74° E. 160 ps. then N. W. 280 ps. to a black oak, then S. 21° W. 185 ps. then with a straight line to the first tree, containing and laid out for 334 acres of land more or less, according to the certificate of survey thereof taken and returned into our land office, bearing date the 29th of November 1706." The tract called *Tolson's Enlargement* for which this suit was instituted, is not included in the *certificate* of survey of *Hunter's Folly*, but is included in the patent which issued on the certificate; it being admitted that there is a variance between the certificate and patent, and that the latter comprehends more land than the former. The lessor of the plaintiff, before the institution of this ejectment, took up the land, in the declaration of ejectment mentioned, as vacant land not included in the certificate of survey of the tract called *Hunter's Folly*, and he duly obtained a patent for the same.

Chase, Ch. J. The question is, whether the land mentioned in the declaration was not liable to be taken up as vacancy, it being excluded by the *certificate* of survey of *Hunter's Folly*, but included within the courses expressed in the *patent* for the said land? Whether the defendant can hold more land under his grant than what is comprehended in the certificate of survey?

The court are of opinion, that the grant is to be construed most favourably for the grantee. The lord proprietary could not grant what had already passed from him, without first going into chancery to vacate the former grant;

and had less land passed by the patent than was contained in the certificate; the defendant's remedy, if any, must have been in equity.

*Judgment* was entered for the defendant, and the plaintiff appealed to this court, where the case was argued before TILGHMAN, BUCHANAN, and GANTT, J. by

*T. Buchanan,* for the Appellant, and by
*Mason,* for the Appellee.

JUDGMENT AFFIRMED.